UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELY J. ADES and MARSHA ADES, ) | Case No.: 2:10-cv-02104-GMN-LRL |
| ) | |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| ) | |
| CITI MORTGAGE, INC., MORTGAGE ) | |
| ELECTRONIC REGISTRATION SYSTEMS, ) | |
| INC., DOES 1-20, inclusive; and ROE ) | |
| CORPORATIONS A through Z, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is a civil action brought by Plaintiffs Ely Ades and Marsha Ades against CitiMortgage, Inc., ("CMI"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Doe Defendants 1-20, inclusive, and Roe Corporations A through Z, inclusive (collectively "Defendants") (ECF No. 1.). Plaintiffs make the following claims for relief against Defendants: (1) TILA (15 U.S.C. § 1601 et seq.); (2) Fraud; (3) RESPA (12 U.S.C. § 2601 et seq.); (4) Intentional Infliction of Emotional Distress; (5) Slander of Credit; (6) Unjust Enrichment; (7) Injunction. (*Id*.)

Defendants CMI and MERS ("Moving Defendants") have brought a motion to dismiss Plaintiffs' claims. (ECF No. 6.)

The Court will GRANT the Motion to Dismiss (ECF No. 6). However, Plaintiffs will be given leave to file an Amended Complaint as to their TILA, Fraud and RESPA claims within twenty-one (21) days.

**I.     FACTS AND PROCEDURAL HISTORY**

On April 20, 2006, Plaintiffs took out a $235,000.00 line of credit ("Loan A") funded by Citibank West ("CitiWest") as beneficiary, with First American Title Company ("FATC")

1    as trustee, and secured by an Open End Deed of Trust and Assignment of Rents on their
2    property located at 3661 Seneca Circle, Las Vegas, NV, 89169. ("Deed of Trust A" Ex. B to
3    Defs.' Req. Jud. Notice, ECF No. 7-2.)  Later in 2006, Citibank, N.A. became the beneficiary
4    of Loan A as the successor by merger to West, N.A., a national bank resulting from the
5    conversion of CitiWest. (*See* "STDR A" Ex. D to Defs.' Req. Jud. Notice, ECF No. 7-4.)

6    On September 14, 2006, Plaintiffs obtained a $370,000.00 loan ("Loan B") on the same
7    property, secured by a Deed of Trust from CMI, with FATC as trustee, and Mortgage
8    Electronic Registration Systems, Inc. ("MERS") as the beneficiary solely as nominee for CMI.
9    ("Deed of Trust B" Ex. E to Defs.' Req. Jud. Notice, ECF No. 7-5.)  Plaintiffs' understanding
10   at the time was that with the Loan B mortgage, the $235,000.00 balance of Loan A would be
11   "incorporated" into Loan B, leaving a remainder of $135,000.00, which the Plaintiffs received.
12   (Pls.' Compl. 5–6:¶17, ECF No. 1-2.)

13   Two months later, on November 16, 2006, the release of Loan A was prepared, the
14   property was reconveyed to CMI, and CMI was substituted as trustee in lieu of FATC. (STDR
15   A.)  The release was recorded with the Clark County Recorder on February 27, 2007. (*Id*.)

16   Plaintiffs allege that upon applying for refinancing through a Veterans Administration
17   Program at an unspecified date, they were denied the loan on the grounds that Loan A had not
18   been released and the amount owed against the property was $605,000.00, not $370,000.00.
19   (Pls.' Compl. 6:¶18.)  Plaintiffs allege that they then "confronted" CMI and were told that
20   CMI could not release the Loan A debt "until all debts on the home owed to CMI had been
21   paid in full." (*Id*.)

22   Over three years later, on March 25, 2010, Plaintiffs sent a Bonded Promissory Note
23   ("BPN") to CMI, in the amount of $368,611.11, relating to Loan B. ("BPN" Ex. 2 to Pls.'
24   Compl., ECF No. 1-2.)  Plaintiffs claim that "[t]he note & mortgage have been fully satisfied,"
25   and that they "have proof that the property has been paid in full with a Bonded Promissory

Note, payable through the Federal Bank, in the amount of **Three Hundred Sixty-Nine Thousand Dollars ($369,000.00)**." (Pls.' Compl. 7:¶21 (emphasis in original)).

On June 30, 2010, Plaintiffs sent CMI a TILA Rescission Notice relating to Loan B, dated June 29, 2010. ("TILA Notice" Ex. 3 to Pls.' Compl., ECF No. 1-2.) In the Notice, Plaintiffs state:

> Concurrently herewith, I am causing the original principal amount of the loan (the "Tender") to be tendered to you. The amount equal to the Tender will be delivered to the Tender Trustee as set forth on the signature page of this Notice, where it will be held in trust for you provided that you, within 25 days from the date of this TILA Rescission Notice, deliver to the TILA Trustee as required by TILA, HOEPA, and Regulation Z, the following:
> (1) A full and absolute re-conveyance of the Trust Deed Held by you, or if the foreclosure has already occurred, a Grant Deed conveying the Property to me.
> (2) Payment in full of the total amount of all costs, interest, payments, fees, charges paid by the undersigned in connection with the Loan from the date of its origin through the date of this TILA Rescission Notice.

(*Id.*) Plaintiffs allege that "[n]o response has ever been received by Plaintiffs to date which is a violation of Section 404 of Public Law 131-22." (Pls.' Compl. 8:¶22.)[1]

On November 12, 2010, Plaintiffs filed suit in relation to Loan B in Clark County District Court naming as defendants CMI and MERS. (Pls.' Compl.) On December 3, 2010, Defendants removed the case to this Court. (Defs.' Rem. Pet., ECF No. 1.)

## II.   MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to

---

[1] Plaintiffs' Complaint later provides an excerpt of "Section 404 of Public Law 131-22" that suggests Plaintiffs may be referring to Public Law 111-22, the "Helping Families Save Their Homes Act of 2009." (*See* Pls.' Compl., 9–11:¶29, ECF No. 1-2.)

dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard*

*Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).[2]  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. ANALYSIS

Each of Plaintiffs' claims rest on the allegation that Defendants failed to release Loan A pursuant to the terms of Loan B.  This allegation lacks merit because, as shown by the document submitted by Defendants and judicially noticed by this Court, the release of Loan A was prepared on November 1, 2006, and recorded in Clark County on February 27, 2007.  (STDR A.)  Defendants point out that there is no duty on the part of the subsequent lender to record the reconveyance of the prior lien. (Defs.' Reply in Supp. of Mot. to Dismiss 3:11-12.,

---

[2] Defendants request judicial notice of six recorded documents. (Defs.' Req. Jud. Notice, ECF No. 7.) The Court takes notice of three of these, Exs. B, D, and E (ECF Nos. 7-2, 7-4, and 7-5.) for the purposes of this order.

ECF No. 12.) This is correct. To the extent that Plaintiffs are alleging violations of NRS 107.077, Plaintiffs have not alleged sufficient facts upon which a claim for relief may be granted against the Defendants.

According to Nevada statute, the responsibilities of the beneficiary of the new loan are thus: within 21 calendar days after receiving written notice that the debt secured by the deed of trust has been paid or otherwise satisfied or discharged, the beneficiary is required to deliver to the trustee a properly executed request to reconvey the estate in real property conveyed to the trustee by the grantor. NRS 107.077(1). Here, as per Loan B, CMI or MERS is the beneficiary, the trustee is FATC, and Plaintiffs are the grantor. (*See* Deed of Trust B.) Plaintiffs do not allege that Defendants failed to deliver a properly executed request to reconvey the property, nor do they present any evidence suggesting that Defendants violated the requirements of NRS 107.077. Finally, the Court notes that statutory violations of Nevada law are subject to a three year statute of limitations. *See* NRS 11.190(3)(a).

### A. TILA (15 U.S.C. § 1601 et seq.) Claim

In the heading for their Second Cause of Action, Plaintiffs allege a violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. (Pls.' Compl.) However, the allegations listed under this cause of action do not specify which part of TILA Defendants have violated, instead quoting from "Section 404 of Public Law 131-22." (Pls.' Compl. 9–10:¶29.) The quoted text appears to be excerpted from Public Law 111-22, the "Helping Families Save Their Homes Act of 2009," which amends 15 U.S.C. § 1641(g) and 15 U.S.C. § 1640(a). *See* Pub. L. No. 111-22, § 404, 123 Stat. 1632, 1658 (2009). Plaintiffs also appear to refer to 15 U.S.C. § 1635(b). (*See* Pls.' Compl. 10—11:¶29.)

The Truth in Lending Act ("TILA") was enacted in 1968 "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. §

1601(a). TILA provides a one-year statute of limitations period for claims of civil damages beginning "from the date on which the first regular payment of principal is due under the loan." 15 U.S.C. § 1640(e). However, equitable tolling is available to stay the statute of limitations if the plaintiff has been prevented from discovering any potential TILA claims against defendants. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

A rescission remedy under TILA is only available for three years, and the statute of limitations period begins at the "consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). This statute of limitations period, unlike the statute of limitations applicable to a TILA damages claim, is an absolute limitation not subject to equitable tolling. *Martinez v. Bank of America*, No. 2:10-cv-01387-GMN-LRL, 2011 WL 1740146, at *2 (D.Nev. May 5, 2011). Furthermore, rescission is only available where the borrower is willing and able to tender the balance on the promissory note. *Weingartner v. Chase Home Finance, LLC*, 702 F.Supp.2d 1276, 1286 (D. Nev. 2010) (citing *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976)). Even if the BPN could be redeemed for the full $369,000.00, there is no indication that Defendants agreed to accept a BPN instead of legal tender for the satisfaction of the debt. In fact, the terms of Deed of Trust B specify otherwise. (*See* "Deed of Trust B" 4:¶1 ("Payments due under the Notes and this Security Instrument shall be made in U.S. currency.").)

To the extent that Plaintiffs are alleging a violation of 15 U.S.C. § 1635(b), Plaintiffs have not alleged that their rescission notice was proper, or within the three-year statute of limitations. Here, the three-year statute of limitations for rescission started running on September 14, 2006, when Plaintiffs consummated the transaction by executing the loan documents. (*See* Deed of Trust B.) Furthermore, the right to rescind under TILA would exist only if the property had not itself been the security for the loan obtained to purchase the

property. *Weingartner v. Chase Home Finance, LLC*, 702 F.Supp.2d at 1286.

To the extent that Plaintiffs are alleging a violation of 15 U.S.C. § 1641(g), Plaintiffs have not sufficiently pled either a failure on the part of the Defendants to notify, or a transaction that would give rise to Defendants' obligation to notify under 1641(g). Here, the one-year statute of limitations for claims of civil damages started running in 2006, from the date on which the first regular payment of principal was due under the loan. Plaintiffs filed suit in state court on November 12, 2010. (Pls.' Compl.) Plaintiffs have not alleged facts sufficient to invoke equitable tolling of the statute of limitations. Therefore, the Court grants the Motion to Dismiss, with leave to amend.

### B. Fraud Claim

Plaintiffs allege that at the time Loan B was executed, they were informed that the balance of Loan A would be subtracted from the Loan B amount. (Pls.' Compl. 5–6:¶17.) Plaintiffs received $135,000.00, the amount of Loan B remaining after the Loan A amount was subtracted. (*Id*.) Later, at an unspecified date, Plaintiffs attempted to refinance through a Veterans Administration Program and were told that the amount owed against their property was $605,000.00, the sum of Loan A and Loan B. (Pls.' Compl. 6:¶18.) Plaintiffs allege that subsequently, at an unspecified date, they were told by CMI that the Loan A debt could not be released until all debts on the home owed to CMI had been paid in full, and that Loan A would be released when all the loans were fully paid to CMI. (*Id*.) The release of Loan A was prepared on November 16, 2006 and was recorded on February 27, 2007. (STDR A.)

When alleging fraud, "a party must state with particularity the circumstances constituting fraud…" Fed. R. Civ. P. 9(b). "Averments of fraud [and misrepresentation] must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124 (9th Cir. 2009). Claims for fraud have a three-year statute of limitations that runs from the discovery of the facts constituting the fraud.

NRS 11.190(3)(d).

Here, Plaintiffs failed to allege fraud on the part of the Defendants with the required specificity, particularly since Loan A was released within months of the execution of Loan B. Furthermore, Plaintiffs failed to allege the date upon which they discovered the alleged fraud. Therefore, the Court grants the Motion to Dismiss as to the TILA claims, with leave to amend.

### C.   RESPA (12 U.S.C. § 2601 et seq.) claim

The Real Estate Settlement Procedures Act ("RESPA") applies to "federally related mortgage loan[s]" and 12 U.S.C. § 2614 imposes statutes of limitations on RESPA actions. *Weingartner v. Chase Home Finance, LLC*, 702 F.Supp.2d at 1286.  Violations of Sec. 2607 or 2608 have a one-year statute of limitations, and violations of Sec. 2605 have a three-year statute of limitations from the date of the occurrence of the violation. *Id*.

Here, Plaintiff appears to allege that Defendants violated RESPA on the date of the Loan B transaction by not disclosing the failure to release Loan A and by not disclosing MERS' true authority or lack thereof.  Plaintiffs state in their Complaint, "Since MERS did not own the underlying note, it could not transfer the beneficial interest of a trust deed without ownership of the underlying note is void under California law." (Pls.' Compl. 13:¶37.)

Because Plaintiffs filed their Complaint more than three years after the Loan B transaction, Plaintiffs' RESPA claims are likely time-barred.  Also, as discussed above, the argument that Defendants did not release Loan A is without merit.  Furthermore, Plaintiffs' argument as to MERS' lack of authority is incoherent.  Deed of Trust B specifies MERS' authority: "MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument." (Deed of Trust B, 2:¶(H).)  Also, under the heading, "Transfer of Rights in the Property," Deed of Trust B states, "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of

MERS." (*Id.* at 3.)[3]

The Court grants the Motion to Dismiss as to the RESPA claims, with leave to amend if the alleged dates of violation are within the statutes of limitations.

### D. Intentional Infliction of Emotional Distress Claim

In order to maintain a claim for intentional infliction of emotional distress, Plaintiffs must allege facts showing extreme or outrageous conduct on the part of the Defendants, as well as intent to cause or reckless disregard for causing emotional distress, causation and that Plaintiffs actually suffered extreme or severe emotional distress. *Miller v. Jones*, 114 Nev. 1291 (Nev. 1998). Here, because Loan A was released, Plaintiffs have not alleged any conduct on the part of Defendants that rises to the level of extreme and outrageous. The Court grants the Motion to Dismiss as to the Intentional Infliction of Emotional Distress claim, without leave to amend.

### E. Slander of Credit Claim

To support their claim for "slander of credit," Plaintiffs merely state in their complaint, "Plaintiffs allege that the actions and inactions of the Defendants have impaired their credit causing them to lose the ability to have good credit." (Pls.' Compl. 17:¶53.) Here, Plaintiffs fail to state enough facts or legal justification to give fair notice of the claim being brought. Again, Plaintiffs appear to rely solely on the allegation that Defendants failed to release Loan A. Because this allegation is without merit, the Court grants the Motion to Dismiss as to the Slander of Credit claim, without leave to amend.

### F. Claims for Unjust Enrichment and Injunction

In order to support their claims of unjust enrichment and for injunction, Plaintiffs rely on the allegation that Defendants failed to release Loan A. Because Loan A was released, this allegation is without merit, and Plaintiffs' pleading fails. The Court therefore grants the

---

[3] For a discussion of MERS' authority in the context of mortgage lending and foreclosures, see *Weingartner v. Chase Home Finance, LLC*, 702 F.Supp.2d 1276, 1278-1283 (D. Nev. 2010).

Motion to Dismiss as to the Unjust Enrichment claim, without leave to amend, and denies the claim for injunction.

### IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**, though Plaintiffs are granted leave to amend their TILA, Fraud, and RESPA claims, consistent with this opinion, **by close of business on October 11, 2011**.

DATED this 20th day of September, 2011.

_____
Gloria M. Navarro
United States District Judge