# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELY J. ADES; and MARSHA ADES,     ) | |
|     ) | |
|     Plaintiffs,     ) | Case No.: 2:10-cv-02104-GMN-VCF |
|   vs.     ) | |
|     ) | **ORDER** |
| CITI MORTGAGE, INC.; MORTGAGE     ) | |
| ELECTRONIC REGISTRATION SYSTEM,     ) | |
|     ) | |
|     Defendants.     ) | |

Before the Court is the Motion to Dismiss (ECF No. 31) filed by Defendants CitiMortgage, Inc. ("CitiMortgage") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"). Also before the Court, is the Motion to Reconsider (ECF No. 28) filed by Plaintiffs, Ely Ades and Marsha Ades, who are representing themselves *pro se*.

## I. BACKGROUND

This action arises out of the mortgage loans and deeds of trust on the property located at 3661 Seneca Circle, Las Vegas, NV, APN#: 162-14-212-046 ("the property"). Plaintiffs originally filed suit in state court on November 12, 2010, and the action was removed to this Court. (ECF No. 1.) Previously, the Court granted Defendants' motion to dismiss and gave Plaintiffs leave to file an Amended Complaint as to their TILA, Fraud and RESPA claims. (Order, Sept. 20, 2011.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona*

*Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

For the reasons discussed in Defendants' motion, the Court's prior Order, and as explained below, the Court finds that Plaintiffs' Amended Complaint must be dismissed for failure to state a legally cognizable claim against Defendants.

### A. TILA

As discussed by the Court in its previous Order, the Truth in Lending Act ("TILA") was enacted in 1968 "to assure a meaningful disclosure of credit terms so that the consumer will be

able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a).  TILA provides a one-year statute of limitations period for claims of civil damages beginning "from the date on which the first regular payment of principal is due under the loan." 15 U.S.C. § 1640(e).  However, equitable tolling is available to stay the statute of limitations if the plaintiff has been prevented from discovering any potential TILA claims against defendants. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

Here, Plaintiffs' Amended Complaint does not allege that Plaintiffs were prevented from discovering any potential TILA claims against defendants, only that they did not discover the alleged violation until they applied for a Veterans Administration loan in January 2009.  Since Plaintiffs filed suit in November 2010, even if equitable tolling applied, the statute of limitations would have expired as of January 2010.  Accordingly, the Court must dismiss Plaintiffs' cause of action for violations of TILA.

### B. Fraud

In its prior Order, the Court dismissed Plaintiffs' claim for fraud because of a failure to plead facts with the required specificity under Federal Rule of Civil Procedure 9(b) and because of a failure to allege the date upon which they discovered the alleged fraud.  In their Amended Complaint, Plaintiffs appear to allege that they discovered the fraud in January 2009, when they applied for a Veterans Administration loan, which would bring the claim within the three-year statute of limitations. *See* Nev. Rev. Stat. § 11.190(3)(d).  However, Plaintiffs have still again failed to allege the details of the alleged fraud with sufficient specificity to satisfy the Rule 9(b) pleading requirements.  Accordingly, the Court must dismiss Plaintiffs' cause of action for fraud.

### C. RESPA

In its prior Order, the Court dismissed Plaintiffs' claim for RESPA violations with leave

to amend if the alleged dates of violation are within the three-year statute of limitations.  In their Amended Complaint, Plaintiffs failed to allege that any RESPA violation occurred within three years of Plaintiffs' suit.  The Court's liberal construction of Plaintiffs' Amended Complaint yields only February 2007 as a possible date for this violation, which is more than three years before Plaintiffs filed suit in November 2010.  Accordingly, this cause of action for RESPA violations must be dismissed as well.

### D. Motion to Reconsider

Within Plaintiffs' Amended Complaint, Plaintiffs requested that the Court reconsider its Order granting the previous motion to dismiss.  Plaintiffs argue that the Court erred when it stated in its Order: "Two months later, on November 16, 2006, the release of Loan A was prepared, the property was reconveyed to CMI, and CMI was substituted as trustee in lieu of FATC. (STDR A.)  The release was recorded with the Clark County Recorder on February 27, 2007. (*Id.*)" (Order, 2:13-14, ECF No. 25.)  Here, the Court does not find that its statement was in error, but recognizes that the abbreviations used by the Court likely contributed to Plaintiffs' confusion.  In the Court's Order, the abbreviation "STDR A" was used to refer to the Substitution of Trustee & Deed of Reconveyance included in Defendants' Request for Judicial Notice at Ex. D, ECF No. 7-4, as stated in the Order. (*See* Order, 2:5.)  This Substitution of Trustee & Deed of Reconveyance was signed on November 16, 2006, and was recorded on February 27, 2007. (*See* Substitution of Trustee & Deed of Reconveyance, Ex. D to Defs.' Req. Jud. Notice, ECF No. 7-4.)  In that document, Loan A, which was secured by the Deed of Trust dated April 20, 2006, was deemed "fully paid and satisfied", and the property was reconveyed "to the person or persons legally entitled thereto." (*See id.* at Exs. B, D, ECF Nos. 7-2, 7-4.)

Plaintiffs next request reconsideration based upon their *pro se* status.  Although the Court has sympathy for Plaintiffs' difficulties and the challenges of pursuing litigation without attorney representation, the Court may not grant reconsideration of its rulings on this basis in

this case.  After two attempts, Plaintiffs' allegations still do not state any valid legal claims against Defendants and the Court cannot find any basis on which to find that further amendment would not be futile.  Accordingly, Plaintiffs' Amended Complaint will be dismissed without leave to amend further, and this case will be closed.

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Reconsider (ECF No. 28) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 31) is **GRANTED**.  Plaintiffs' Amended Complaint is dismissed as to all Defendants.  The Clerk shall enter judgment accordingly and close the case.

**DATED** this 26th day of December, 2012.

_____
Gloria M. Navarro
United States District Judge